FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 16 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LISBETH LABRA, AND
KAMERON HINES,

PLAINTIFFS,

VS.   CASE NO. 4:23-cv-00200 BRW

SHANE MARTIN AND
AVERY MARTIN

DEFENDANTS.

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

## COMPLAINT FOR PERSONAL INJURIES

Comes now your Plaintiffs, Lisbeth Labra and Kameron Hines, and for cause of action against the Defendants, Shane Martin and Avery Martin would charge and allege unto the unto the Court as follows:

### JURISDICTIONAL STATEMENT

1. This Honorable Court has jurisdiction over the subject matter of the within action pursuant to *28 U.S.C. §1332*, as the action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in the Eastern District of Arkansas, Central Division as the both the occurrence subject of the present litigation and the residence of the Defendants is within the District and division pursuant to *28 U.S.C. §1391(b)*

### PARTIES

3. The Plaintiffs Lisbeth Labra and Kameron Hines are adult citizens of the State of Tennessee, residing in Memphis, Shelby County, Tennessee.

4. The Defendants Shane Martin and Avery Martin, upon information and

belief are adult citizens of the State of Arkansas residing at 28 Whispering Wind Circle Vilonia, Faulkner County, Arkansas.

5.  The Plaintiffs allege that this cause of action arises in tort as a result of the injuries and damages negligently inflicted upon them by the Defendants, such injuries arising out of the negligent operation of a motor vehicle and occurring in Conway, Faulkner County, Arkansas on April 19, 2021.

## FACTUAL ALLEGATIONS

6.  Plaintiffs incorporate paragraphs 1-5 by reference as if set out in full

7.  On April 19, 2021 Plaintiff Kameron Hines was driving Lisbeth Labra's Nissan Altima in a safe and prudent manner Westbound on Westbound US Highway 65 approaching its intersection with Lower Ridge Road in Conway, Faulkner County, Arkansas. Plaintiff Lisbeth Labra was a restrained front seat passenger in her automobile. They were traveling in their designated lane of travel.

8.  The Defendant Avery Martin was driving her father, Shane Martin's 2012 Ford Fusion traveling Eastbound on Highway 65 also approaching its intersection with Lower Ridge Road, from the opposite direction as your Plaintiffs.

9.  Defendant Avery Martin was driving Shane Martin's vehicle with his knowledge and consent and/or upon the business of Shane Martin. Moreover, the vehicle was kept for the general use of the household of Shane Martin to which Avery Martin is a part.

10. Defendant Avery Martin suddenly and unexpectedly made a left hand turn off Eastbound Highway 65 onto Lower Ridge Road, directly into to the path of Your oncoming Plaintiffs.

11. Your Plaintiff's had no warning that Ms. Avery was about to make the turn

and had little time to react. Though Mr. Hines slammed on his brakes and turned to his right but could not avoid the collision.

12. Defendants' car slammed into the front driver's side quarter panel of Your Plaintiff's vehicle knocking it sideways across the adjoining curb and into a stop-sign.

13. Both of Your Plaintiff's were violently tossed about the inside of their vehicle, suffering injuries and damages as set forth hereafter. Plaintiff Labra's automobile was destroyed in this collision.

## COUNT I – NEGLIGENCE

14. Plaintiff incorporates Paragraph's 1-13 herein as if set out in full.

15. At the time and place of the aforementioned accident, Defendant Avery Martin operated Shane Martin's vehicle in a negligent fashion, making a left hand turn when the roadway as not clear of oncoming traffic, failing to yield the right of way, failing to maintain a proper lookout or control of the subject vehicle. In short, she failed to exercise due care in the operation of Shane Martin's automobile as described herein and causing it to collide with Plaintiff's automobile which was legally traveling in its designated lane of travel.

16. Defendant Avery Hines owed Plaintiffs the duty to exercise reasonable care in the operation of the vehicle she was driving and she breached that duty when she failed to operate the vehicle in a safe, reasonable and prudent manner specifically, she had a duty to maintain a safe and proper lookout of the roadway in front and around of her to ensure that it was safe and clear of oncoming traffic before starting her turn.

17. Defendant Avery Martin owed Plaintiffs the duty to operate her vehicle in a reasonably safe and prudent manner, and her violation of that duty is the sole, direct and proximate cause of Plaintiffs' injuries.

18. As a direct and proximate result of Defendant's breach of duty and resulting impact, Plaintiffs suffered severe injuries and damages as set forth in further detail below.

## COUNT II – VICARIOUS LIABILITY

19. Plaintiffs incorporate paragraphs 1-18 herein as if set out in full.

20. Upon information and belief, on April 19, 2021, and at all times pertinent hereto, Defendant Avery Martin was operating Defendant Shane Martin's vehicle involved in the instant collision upon Shane Martin's direction and control.

21. Alternatively, upon information and belief, on April 19, 2021 and at all times pertinent hereto, Defendant Shane Martin owned the subject Ford Fusion and had it available for the general use of his household to which Avery Martin is a part.

22. Pursuant to theory of Master/Servant, Agent/Principal and/or Family Purpose Doctrine, Shane Martin is responsible for the conduct of Avery Martin subject of the instant collision; specifically, Plaintiffs' injuries and damages complained of herein.

## COUNT III – NEGLIGENT ENTRUSTMENT

23. Plaintiffs incorporate paragraphs 1-22 herein as if set out in full.

24. Upon information and belief, on April 19, 2021 and at all times pertinent hereto, Defendant Shane Martin had a duty to exercise reasonable care in whom he entrusted his Ford Fusion.

25. Shane Martin violated this duty of care when he entrusted his vehicle to Defendant Avery Martin when he either knew, or should have known that Avery Martin was not capable of safely operating same in a prudent, safe and reasonable manner.

26. Shane Martin's breach of duty is a cause in fact and law of the instant collision and Plaintiff's resulting injuries.

### INJURIES AND DAMAGES

27. Plaintiffs incorporate paragraphs 1-26 herein as if set out in full.

28. Plaintiff sustained severe and serious permanent injuries and damages, to wit: (a) Severe, painful and permanent bodily injuries; (b) Great fright and shock; (c) Great physical pain and mental anguish; (d) Inability to enjoy the normal pleasures of life; (e) Permanent scarring and disfigurement; (f) Loss of income and income producing capacity; and (g) Property Damages.

### RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Lisbeth Labra and Kameron Hines, make claim for a sum not to exceed $175,000.00 in *toto* in damages ($80,000.00 for Mr. Hines and $95,000.00 for Ms. Labra) and they respectfully requests all such other relief to which they may be entitled in both Law and Equity and respectfully demand a TRIAL BY JURY.

Respectfully Submitted,

Kenneth M. Margolis
TN Bar No. 022906
Admitted to Practice USDC-EDAR
*Counsel for Plaintiffs*
5050 Poplar Avenue, Suite 1632
Memphis, TN 38157
(901) 405-3013 (office)
(901) 203-0506 (facsimile)
Kmargolis@margolis-law.com